UNITED STATES DISTRICT COURT
DISTRICT COURT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Arnita Bell Frazier and | ) | Case No.: |
| Barbara Ann Grant, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | COMPLAINT |
| vs. | ) | |
| | ) | |
| The Regional Medical Center, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## INTRODUCTION

1.      Plaintiffs, Arnita Bell Frazier and Barbara Ann Grant (Hereinafter referred to as "Plaintiffs" bring damages to redress Defendant The Regional Medical Center (Hereinafter referred to as "Defendant"), actions in discriminating against Plaintiffs on the basis of their Race, creating a Racially Hostile Environment for Plaintiffs, Breach of Contract, Breach of Contract with Fraudulent Intent, and Retaliation against Plaintiffs with regard to the terms, conditions, and privileges of their employment.

## JURISDICTION AND VENUE

2.      The Court has jurisdiction over this action pursuant to 28 U.S.C. Sections 1331 and 1343, and 42 U.S.C. Section 2000e (5), this being a proceeding to enforce rights and remedies secured under Title VII of the Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C. 2000e et.seq.  This Court also has pendent and supplementary jurisdiction over so much of this action as is based on state law.

3.      Venue is proper in the Orangeburg division because the Causes of Action arose therein, the acts and practices complained of occurred there and it was where the Defendant does business and may be found.

## PARTIES

4.      Plaintiff 1 (Arnita Bell Frazier hereinafter referred to as Plaintiff 1) is an African American citizen of the United States of America and resides in Orangeburg, South Carolina. Plaintiff 1 began her employment with Defendant as a Nurse in 2005, and continued in the position as a Nurse in the Home Health Department with the Defendant until Plaintiff 1 was terminated on September 4, 2013.

5.      Plaintiff 2 (Barbara Ann Grant hereinafter referred to as Plaintiff 2) is an African American citizen of the United States of America and resides in Orangeburg, South Carolina. Plaintiff 2 began employment with Defendant as a Registered Nurse on June 4, 2008, and is currently employed with Defendant as an Admissions Nurse in the Home Care Department.

6.      The Defendant, The Regional Medical Center, is an agency that is organized and existing under the Common Laws of the state of South Carolina and is subject to be sued in accordance with Section 44-53-390(b) of the South Carolina Code of Law.

7.      Upon information and belief, Defendant is an employer under Title VII and employ and/or employed in excess of fifteen (15) employees at the time of the legal violations complained of herein.

## CONDITIONS PRECEDENT

8.      The Plaintiffs have exhausted all administrative remedies and conditions precedent, including timeliness, deferral and all other jurisdictional requirements necessary for the maintenance of the foregoing action, all of which are more fully described below.

a.      On or about March 28, 2013, Plaintiffs filed separate Complaints alleging Race Discrimination, Retaliation, and Racially Hostile Work Environment with the Equal Employment Opportunity Commission ("EEOC").

b.      Plaintiffs 1 and 2 received their Notice of Right to Sue by US Mail on March 20, 2014.

c.      Plaintiffs have timely filed the foregoing action within ninety (90) days of the date on which they received the EEOC final decision described in paragraph 9(b).

## STATEMENT OF CLAIM

9.      Plaintiffs allege they are victims of Defendant's discriminatory practices because they voiced their concern about Race Discrimination in the workplace to Julia Yawn, RN (Yawn) (WF), Chief Nurse Coordinator and Kim Stewart, RN (Stewart) (WF), Director of Operations.

10.      Defendant began a pattern and practice of discrimination against Plaintiff Grant, when she spoke to Yawn and Stewart about the racially discriminatory behavior of her supervisor, Wendy Dantzler, RN (Dantzler) (WF), Patient Care Coordinator.

11.      Plaintiff Grant contends that Dantzler reduced her, and her other African American counterparts', work hours, while Dantzler increased Plaintiff Grant's Caucasian counterparts' work hours, thereby violating Defendant's own policies and procedures.  This is pretextual by Dantzler, because Dantzler knew that if Plaintiff Grant, as an Admissions Nurse, did not see at least two (2) patients a day, she (Grant) would be forced to supplement her (Grant's) income by using her annual leave time, and would also be forced to go home.

2

12.    Defendant began a pattern and practice of discrimination against Plaintiff Frazier after Plaintiff Frazier filed a Grievance, on or about October 18, 2012, alleging that her supervisor, Teresa Valentine, RN (Valentine) (WF), discriminated against her, and her African American counterparts, by only interviewing Plaintiff Frazier's Caucasian counterparts for the position of Patient Coordinator, a new job opening that was announced during a July 5, 2012 staff meeting.  This was pretextual as Valentine hired a less qualified RN, Teri Hopkins (Hopkins) (WF) into the position, despite Plaintiff Frazier's overwhelming qualifications for the position.

13.    Plaintiffs were then falsely assured by Yawn that she would do a proper investigation into the allegations.  Yawn, however, violated Defendant's policies and procedures by failing to investigate Plaintiffs claims, and chose instead to dismiss them.

14.    Plaintiffs, as a result of filing complaints of Racial Discrimination and Retaliation, were retaliated against immediately.  Plaintiff Grant contends, on or about May 2012, Dantzler, on several occasions, called Plaintiff Grant into her office and harassed her about the complaints she made, against Dantzler, to Stewart and Yawn in May 2012.

15.    Plaintiff Frazier contends that she was retaliated against when, on October 31, 2012, approximately two days after she spoke to Yawn about her concerns, Valentine and Hopkins forced her to work a more rigorous schedule than her Caucasian counterparts.  Further, Plaintiff Frazier was humiliated when she walked into her co-workers office, Tara Livingston (Livingston) (WF), to discover, to her disbelief, that Valentine, Hopkins, and Livingston were laughing about how they "showed her what the deal was" and "put her in her place."

16.    Plaintiff Frazier, distraught because of the Racially Hostile Environment she was subjected to, filed a formal complaint to Defendant's President and CEO, Tom Dandridge (Dandridge) (WM), on or about December 6, 2012, detailing her concerns of the Racially Hostile Environment she was experiencing. Dandridge, continuing the pattern and practice of Animus, refused to investigate Plaintiff Frazier's allegations, and instead opted to dismiss them.

17.    Upon information and belief, Plaintiffs performed their jobs with due diligence and without incident, despite being subjected to Defendant's continuous Racially Discriminatory and retaliatory actions.  Plaintiff Frazier, though she performed her job duties without incident, was fraudulent terminated on September 4, 2013 based on the false pretext that she allegedly exhausted her Medical Leave, due to her bouts of seizures.

18.    Defendant violated its own policies and procedures, because they refused to do a prompt and thorough investigation of the allegations, and subjected, and continues to subject, Plaintiffs to retaliation and a Racially Hostile Environment.

**FIRST CAUSE OF ACTION**
**TITLE VII: RACE DISCRIMINATION**

19.     Each and every allegation set forth hereinabove is hereby repeated as fully incorporated herein.

20.     Plaintiffs are members of a protected group on the basis of their Race. Plaintiffs were Retaliated against based on their Race in violation of U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000e et. seq.). The Equal Employment Opportunity Act.

21.     Defendant began a pattern and practice of targeting Plaintiffs and other African Americans, by Retaliating against and harassing them after they voiced their concerns to Yawn and Stewart about the Racially Hostile Environment they were subjected to, specifically the fact that their Caucasian counterparts were receiving preferential treatment over them.

22.     Plaintiffs singly and jointly allege that the on the job treatment, retaliation, and wrongful termination were pretextual.  Plaintiffs singly and jointly allege that the Defendant initiated discriminatory practices against Plaintiffs based on their Race when Defendant refused to interview Plaintiff Frazier for the Patient Coordinator position, though Plaintiff Frazier qualified, and instead gave the position to Hopkins, her lesser qualified Caucasian counterpart. Defendant initiated discriminatory practices against Plaintiff Grant, when Defendant reduced her work hours and increased the work hours of her Caucasian counterparts, despite Defendant being aware of the two (2) patient requirement for Admissions Nurses.

23.     Defendant was reckless, wanton and intentional in its Discrimination against Plaintiffs in retaliating against Plaintiffs for complaining numerous times about the discrimination they endured, and the inappropriate behavior of the Defendant and its Agents.

24.     In failing to protect Plaintiffs from Racial Discrimination, preferential treatment, or Retaliation, the Defendant and its Agents, acted with Malice or reckless indifference to the federally protected rights set out under 42 U.S.C. Sec. 1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. Sec 2000e et seq.), the South Carolina Human Affairs Law and the United States Equal Employment Opportunity Act.

25.     The Defendant violated 42 U.S.C. Sec. 1981 and Title VII of Civil Rights Act of 1964, as amended 42 U.S.C. 2000e et seq., the South Carolina Human Affairs Law and the United States Equal Employment Opportunity Act by allowing the Racial Discrimination, preferential treatment and Retaliation to exist in the workplace.

26.     The Defendant's wrongful actions set forth constituted a Hostile Work Environment for the Plaintiff.  Defendant violated 42 U.S.C. Sec. 1981, Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. Sec 2000e et seq.), by allowing a Hostile Work Environment to exist regarding Race Discrimination in the workplace.

4

27.    That the aforesaid conduct of Defendant, its agents and servant, violates South Carolina and the United States laws against retaliatory conduct and was, in fact, retaliatory in nature, in violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. Sec 2000e et seq.) and racially discriminatory under 42 U.S.C. Sec. 1981.

28.    Defendant's employment discrimination of Plaintiffs has caused, continues to cause, and will cause Plaintiffs to suffer substantial damages for pecuniary losses, embarrassment, humiliation, pain and suffering, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

29.    Plaintiffs are entitled to civil damages from Defendant as a result of the employment discrimination as alleged above.

30.    Due to the acts of Defendant, its Agents and employees, Plaintiffs are entitled to civil damages, back wages, front pay, plus interest, payment for lost benefits, and punitive damages.

## SECOND CAUSE OF ACTION
## RETALIATION

31.    The Plaintiffs reiterate each and every allegation above as if fully repeated herein.

32.    Plaintiffs repeatedly objected to and protested the violations of their federally protected rights within the Defendant's administrative structure, to include consistently reporting the Discrimination to the Chief Nursing Officer and the Director of Operations, and eventually the President and CEO of the organization.  Plaintiffs also complained to the Equal Employment Opportunity Commission, after not receiving any assistance from Defendant in response to their claims of disparate treatment due to their Race.

33.    After Plaintiffs sought to seek relief from Defendant's discriminatory practices, to include but not limited to consulting with upper management through the chain of command, and voicing their concerns over the Racially Hostile Environment they were subjected to by Defendant's employees, Defendant retaliated against them by a continuance of Race Discrimination and failing to allow Plaintiff Grant to see an adequate amount of patients, and subjecting Plaintiff Frazier to a rigorous schedule that her Caucasian counterparts were not subjected to.  Defendant further retaliated against Plaintiff Frazier by terminating her, on September 4, 2013, under the pretext that she allegedly used all of her medical leave.

34.    Accordingly, Plaintiffs are entitled to compensatory and punitive damages in the nature of the value of their lost wages and benefits, front pay, together with interest thereon, as well as liquidated damages, and their reasonable attorney's fees for the bringing of this action.

## THIRD CAUSE OF ACTION
## RACIALLY HOSTILE WORK ENVIRONMENT

35.    The Plaintiffs reiterate each and every allegation above as if fully repeated herein.

36.    Once Plaintiffs asserted their rights under the Hospital's policy, they were subjected to adverse terms and conditions by the Defendant causing a Racially Hostile Work Environment, Plaintiff Grant was not allowed to see an adequate amount of patients and Plaintiff Frazier was subjected to a more rigorous work schedule, though Plaintiffs had performed their job duties without incident.

37.    That the Retaliation, Harassment and Racially Hostile Work Environment of the Defendant constitutes a violation of clear mandate and Public Policy of the State of South Carolina as articulated in the South Carolina Human Rights Act of 1964 and in violation of 42 U.S.C. Sec. 1081 and Title VII Civil Rights Act of 1964, as amended (42 U.S.C. Sec. 2000e et seq.).

38.    As a direct and proximate result of the acts of practices of Defendant, the Plaintiffs have suffered loss of sleep, anxiety attacks, emotional pain and suffering, mental anguish, and humiliation.  Plaintiffs have also suffered undue scrutiny and Harassment at the hands of Defendant and its employees.  Plaintiffs have complained of the occurrences mentioned above to no avail, and endured an increase of the Harassment after they complained.

39.    Accordingly, Plaintiffs are entitled to compensatory and punitive damages in the nature of the value of their lost wages and benefits, front pay, together with interest thereon, as well as liquidated damages, and their reasonable attorney's fees for the bringing of this action.

## FOURTH CAUSE OF ACTION
## BREACH OF CONTRACT

40.    The Plaintiffs reiterate each and every allegation above as if fully repeated herein.

41.    Defendant had a written Policy in place that guaranteed protection from Retaliation for employees if they followed the Chain of Command and voiced their concern against person(s) in the Hospital.  Plaintiffs placed faith and reliance upon those assurances when they complained internally of a Racially Hostile Work Environment created by the Defendant.

42.    Defendant had the responsibility to ensure that Plaintiffs were not subjected to Retaliation, Racial Discrimination, and Harassment by and through its Agents, as deemed contractually promised in its Policy and Procedures delivered to Plaintiffs.

43.    Defendant's conduct, by and through its Agents, was done in bad faith and breached the implied covenant of good faith and fair dealings as implied in the Employment Contract.

44.    Defendant failed to conduct an investigation into the accusations of Racial Discrimination in the workplace, a violation of Defendant's own policies.  In addition, Defendant unjustly retaliated against Plaintiffs by reducing Plaintiff Grant's hours and subjecting Plaintiff Frazier to a more rigorous work schedule, a clear violation of Defendant's own policy.

45.    As a direct and proximate result of Defendant's breach of its agreement with Plaintiffs, Plaintiffs have suffered damages, due to the potential of advancement.

46.    Plaintiffs are entitled to compensation for Defendant's breach of its agreement with Plaintiffs.  The breach damaged the Plaintiffs in terms of their employment and the ability to earn income.

**FIFTH CAUSE OF ACTION**
**BREACH OF CONTRACT WITH FRAUDULENT INTENT**

47.    The Plaintiffs reiterate each and every allegation above as if fully repeated herein.

48.    Defendant has failed to fulfill its obligation under its own written Policy and has breached the terms thereof by reason in an intentional design on its part to defraud Plaintiffs.

49.    In furtherance of such intentional design, Defendant fraudulently sought to reduce Plaintiff Grant's work hours and subject Plaintiff Frazier to a rigorous work schedule, though they failed to offer a justified reason for doing so.

50.    Defendant continued its breach, when it fraudulently terminated Plaintiff Frazier, under the pretext that she had used her medical leave time, when, in fact, they terminated her in retaliation her allegations of working in a Racially Hostile Environment.

51.    Defendant failed to conduct a proper investigation, as required by Defendant's policies and procedures and Plaintiffs employment Contract, into the accusations of its employees creating a Racially Hostile Work Environment for Plaintiffs and other African American employees, in opposition of Hospital Policy.

52.    Plaintiffs contend that as a direct and proximate result of Defendant's fraudulent actions, Plaintiffs have lost the ability to advance in their field.  Plaintiff Frazier further contends that she suffered damages due to the termination of her employment.

53.    Due to the acts of the Defendant, its agents and employees, Plaintiffs are entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost wages, and punitive damages.

54.    Accordingly, Plaintiffs are entitled to compensatory and punitive damages in the nature of the value of their loss wages and benefits, front pay, together with interest thereon, as well as liquidated damages, and their reasonable attorney's fees for the bringing of this action.

## JURY TRIAL DEMANDED

55.    Plaintiffs request a Jury Trial.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs pray that this Honorable Court declare that the Defendant's actions complained of herein violated the rights guaranteed to the Plaintiffs and issue its judgment:

(1)    Declaring the actions complained of herein illegal;

(2)    In favor of Plaintiffs against Defendant for all Causes of Actions in an amount which is fair, just, and reasonable and for compensatory and punitive damages;

(3)    Issuing an injunction enjoining the Defendant, its Agents, employees, successors, Attorneys, and those acting in concert or participating with the Defendant, and at its direction from engaging in the unlawful practices set forth herein and any other employment practices shown to be in violation of Title VII of the Civil Rights Act of 1964 and 1991, as amended and Section 41-1-80 of the South Carolina Code of Laws, and any other violations.

8

(4)     Awarding Plaintiffs compensatory damages for each Cause of Action contained herein, which the Jury should find appropriate as a result of the Defendant's unlawful discriminatory actions taken as a result of Race; including mental anguish, pain and suffering, harm to Plaintiffs economic opportunities, any back pay, front pay and future earnings with cost of living adjustments, prejudgment interest, fringe benefits, and retirement benefits.

(5)     Awarding Plaintiffs their costs and expenses in this Action, including reasonable Attorneys fees, and other litigation expenses; and

(6) Granting such other and further relief as may be just and necessary to afford complete relief to the Plaintiffs as this Court may deem just and proper.

Respectfully Submitted:

/s/ Donald Gist
Donald Gist, Esquire (Federal ID # 7178)
Aaron Wallace, Esquire (Federal ID # 11469)
***GIST LAW FIRM, P.A.***
4400 North Main Street (29203)
Post Office Box 30007
Columbia, South Carolina 29230
Tel. (803) 771-8007
Fax. (803) 771-0063
Attorneys for Plaintiffs

June 17, 2014
Columbia, South Carolina